# UNITED STATES DISTRICT COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**No. 95-50881**
**Summary Calendar**

**RIAD E. HAMAD,**

**Plaintiff-Appellant,**

**v.**

**GARY DeSHAZO and ASSOCIATES, et al.,**

**Defendants,**

**and**

**JAMES MACCORMACK; JOSEPH PARKER,**

**Defendants-Appellees.**

**Appeal from the United States District Court**
**for the Western District of Texas**
**(A-95-CV-441)**

**August 14, 1996**

Before WISDOM, KING, and SMITH, Circuit Judges

PER CURIAM[*]:

The plaintiff-appellant, Riad E. Hamad, initiated this action against the defendants-appellees,

State Bar of Texas General Counsel James McCormack, State Bar Chief of Litigation Joseph Parker,

and the two law firms of Gary DeShazo & Associates, and Friedman & Weddington.  The law firm

of Friedman & Weddington once represented Hamad in a dispute with Hamad's business partner,

---

[*]     Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

who was represented by the law firm of DeShazo & Associates. As a result of that dispute, a judgment of fraud was entered against Hamad.

In response to the judgment, Hamad filed a lawsuit in Texas state court against the two law firms, alleging negligence and a conspiracy to deprive Hamad of documents produced in the previous litigation. That litigation resulted in summary judgment against Hamad. Hamad then pursued numerous State Bar grievances against the law firms, all of which were denied after investigation revealed no misconduct on the part of the firms.

Consequently, Hamad filed a second state court action against the two law firms, this time adding the State Bar of Texas as a defendant. One piece of the summary judgement evidence in this case was Hamad's tax returns, which DeShazo had obtained from the Internal Revenue Service using a form signed by Hamad in 1988. Hamad moved to suppress this evidence as fraudulently obtained. The state court denied the motion to suppress and granted summary judgment against Hamad.

Hamad then filed the instant suit, alleging violations of his civil rights under 42 U.S.C. §§ 1981, 1983, 1985 and 1986 ("the Civil Rights Act of 1964); 26 U.S.C. §§ 7213 and 7431(a)(2) (regarding the unauthorized disclosure of tax returns); and 5 U.S.C. § 552(a) ("the Privacy Act"). Defendants McCormack and Parker moved for dismissal of the suit on the grounds that they were immune from suit pursuant to Eleventh Amendment immunity and because Hamad's claim failed to state a claim upon which relief could be granted. After consideration of a magistrate judge's report and recommendations, the district court granted the motion to dismiss. Hamad filed a timely notice of appeal.

This court reviews *de novo* a district court's ruling on a motion to dismiss.[1] We look only

---

[1] *Jackson v. City of Beaumont Police Dep't,* 958 F.2d 616, 618 (5th Cir. 1992).

2

at the pleadings, accept all well-pleaded facts as true, and view the facts "in the light most favorable to the plaintiff"[2].

We first address Hamad's 42 U.S.C. §1983 claim. Hamad seeks monetary damages under this section from McCormack and Parker in both their individual and official capacities as counsel for the State Bar of Texas. The State Bar of Texas is a state agency.[3] An action for damages against state employees acting in their official capacity is barred by the Eleventh Amendment.[4] The district court correctly dismissed this potion of Hamad's §1983 claim on this ground.

The district court also correctly dismissed Hamad's suit against McCormack and Parker in their individual capacities. An individual sued in his personal capacity cannot be held liable under §1983 unless he was either personally involved in the acts causing deprivation of a constitutional right, or a causal connection exits between the act and the alleged constitutional violation.[5] Hamad fails to allege that McCormack and Parker were personally involved or causally connected to any deprivation of a constitutional right. Instead, he offers only conclusory allegations that McCormack and Parker engaged in a conspiracy, and "assisted, counseled, supported and covered up" DeShazo's alleged unauthorized acquisition of Hamad's tax returns. Such conclusional allegations, absent reference to material facts, cannot state a claim of federal conspiracy under §1983.[6] Therefore, Hamad's §1983 action against the appellees in their individual capacities must fail.

---

[2]  *Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir.), *cert. denied,* 115 S. Ct. 189 (1994).

[3]  *Bishop v. State Bar of Texas,* 791 F.2d 435, 437-38 (5th Cir. 1986).

[4]  *Id.; Green v. State Bar of Texas,* 27 F.3d 1083, 1089 (5th Cir. 1994).

[5]  *Williams v. Luna,* 909 F.2d 121, 123 (5th Cir. 1990).

[6]  *Hale v. Harney,* 786 F.2d 688, 690 (5th Cir. 1986).

We next address Hamad's 42 U.S.C. §§ 1981, 1985 and 1986 causes of action. Although Hamad filed suit under §§ 1981 and 1985, he did not challenge the district court's dismissal of these causes of action in his appellate brief. Hamad has therefore abandoned these issues.[7] Because Hamad has abandoned his § 1985 claim, he has by necessity also abandoned his claim under 42 U.S.C. §1986, as liability under §1986 is dependant on a finding of a §1985 violation.[8]

Next, we examine Hamad's cause of action under 26 U.S.C. § 7431(a)(2). The district court denied this claim on the grounds that § 7431(a)(2) does not confer a cause of action against a state agency or its officials. The district court also found that the statute prohibits *disclosure* of federal tax return information, not the *receipt, obtaining, or use* of return information. Hamad has provided no facts or argument that these conclusions are erroneous, but again offers only the same conclusory allegations that the appellees "assisted, counseled, supported and covered up" DeShazo's alleged illegal acquisition and disclosure of Hamad's tax return information. Failure to identify error in the district court's analysis or application to the facts is the same as if the appellant has not appealed.[9] Therefore, Hamad has effectively abandoned his claim on this point.

We also find that the district court correctly dismissed Hamad's claim under 26 U.S.C. § 7213 as that statute is criminal in nature, and cannot be used as the basis of a civil action.[10] Similarly, Hamad's action under the Privacy Act fails because that statute applies only to agencies of the federal

---

[7] *Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir. 1993).

[8] 42 U.S.C. § 1986; *McCalden v. California Library Ass'n,* 955 F.2d 1214, 1223 (9th Cir. 1990), *cert. denied,* 504 U.S. 957 (1992).

[9] *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

[10] 26 U.S.C. §§ 7213(d)(1) and 7216.

government, and not to state employees, as in the present case.

Finally, we note that Hamad has offered two new theories of recovery for the first time on appeal. He alleges that McCormack and Parker violated 26 U.S.C. §§ 6103[11] and 7206.[12] We decline to address these arguments on appeal, as they were not presented to the district court for consideration.[13]

In conclusion, we find no error in the district court's analysis of this case, and AFFIRM the dismissal of Hamad's suit.

---

[11] 26 U.S.C. § 6103 prohibits the disclosure of tax returns or tax return information by a state or federal officer or employee.

[12] 26 U.S.C. § 7206 is a criminal statute prohibiting fraud false statements in connection with filing a tax return.

[13] *Kelly v. Foti,* 77 F.3d 819, 822 (5th Cir. 1996).